# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3224

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Jayme Ferris, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 25, 2007
Filed: October 10, 2007

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jayme Ferris pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Under the terms of the plea agreement and a cooperation agreement, Ferris was to provide cooperation to the government and, in return, the government agreed to file a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government filed the motion, but the district court[1] declined to grant a downward departure and sentenced Ferris to sixty months' imprisonment. Ferris

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

appeals his sentence based on the district court's denial of the motion for downward departure. We hold that the district court's decision not to depart downward is unreviewable because the court was aware of its authority to depart.

## I. *Background*

On February 3, 2006, Ferris pleaded guilty in an unrelated case[2] to a charge of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Under the terms of the plea agreement and a cooperation agreement, Ferris was to provide cooperation to the government, and if Ferris provided complete cooperation, the government agreed to file a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C § 3553(e). If, however, Ferris committed a crime after the agreement, the agreement would become null and void. Following his plea in that case, Ferris was allowed to remain on bond pending sentencing.

On March 7, 2006, while out on bond, Ferris committed the instant offense, possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Upon his arrest, Ferris again agreed to cooperate in return for the government's filing of a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Ferris assisted the government by identifying his source of supply, who was subsequently indicted.

On May 2, 2006, Ferris was sentenced in *United States v. Adams, et al.* The government had filed a motion for downward departure, and the district court imposed a sentence of 120 months—the statutory mandatory minimum sentence—which represented a departure of 68 months from the low end of Ferris's Guideline range.

---

[2]*United States v. Adams, et al.*, Case No. 4:04-cr-00517-CAS (filed Sept. 16, 2004).

The district court[3] in that case was aware of the assistance Ferris had given to police since his second arrest.

On May 22, 2006, Ferris entered a plea of guilty in the instant case. During the plea colloquy the district court explained to Ferris that if the government filed a substantial assistance motion for downward departure it would be up to the court to grant or deny the motion. On August 15, 2006, the government filed a motion for substantial assistance, and three days later Ferris was sentenced to 60 months' imprisonment to run consecutively to Ferris's 120-month sentence imposed in *United States v. Adams*.

Before denying the motion for downward departure, the district court discussed the motion with counsel in a sidebar conference explaining that because Ferris had received the benefit of his assistance in *United States v. Adams* the district court did not believe a downward departure in the instant case was warranted.

## II. *Discussion*

Ferris claims that the district court erred in sentencing him to 60 months' imprisonment. He argues that his sentence is unreasonable because the district court erred by denying his motion for downward departure. However, the discretionary denial of a motion for downward departure is unreviewable unless the district court failed to recognize its authority to depart. *United States v. Carter*, 481 F.3d 601, 607 (8th Cir. 2007). Ferris asserts that the district court failed to recognize it had the authority to depart, but nothing in the record supports that assertion. During both the plea colloquy and the sidebar conference during the sentencing hearing, the district court displayed awareness of its discretion to grant the downward departure.

---

[3]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

### III. *Conclusion*

Accordingly, we hold that the district court's discretionary denial of the motion for downward departure is unreviewable.

_____